Filed 6/12/15  P. v. Lamb CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL LEE LAMB,<br><br>    Defendant and Appellant. | D066906<br><br><br><br>(Super. Ct. No. SCD186673)<br>(Super. Ct. No. SCD182753) |

APPEAL from an order of the Superior Court of San Diego County, Kathleen Lewis, Judge.  Affirmed.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Michael Lee Lamb's appointed appellate counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  We affirm.

BACKGROUND[1]

In April 2006 a jury convicted Lamb of two counts of first degree residential burglary (Pen. Code,[2] §§ 459, 460).  Lamb admitted he had suffered 12 strike priors and two serious felony prior convictions.

In early August 2007, the court sentenced Lamb to an indeterminate prison term of 50 years to life plus a 10-year determinate term.  The sentence consisted of two consecutive terms of 25 years to life (one for each of his current burglary convictions), plus two consecutive five-year terms for his two prior serious felony convictions.

Of particular importance here, the court during sentencing ordered Lamb to pay both a $10,000 restitution fine (§ 1202.4, subd. (b), hereafter § 1202.4(b)) and victim restitution (§ 1202.4, subd. (f), hereafter § 1202.4(f)) in the amount of $4,400 ($3,600 to one victim and $800 to the other victim).  Neither Lamb nor his counsel objected to the restitution fine order or the victim restitution order.

Lamb appealed and this court affirmed the judgment in December 2008 in an unpublished opinion (*People v. Lamb* (Dec. 30, 2008, D051786) [nonpub. opn.], hereafter

---

[1]    The facts underlying Lamb's convictions in this case are not relevant to this appeal, which challenges the court's denial of his motion for modification of his sentence (discussed, *post*).  Thus, we need not summarize the underlying facts.

[2]    All further statutory references are to the Penal Code.

*Lamb I*).[3]  Lamb did not challenge the restitution fine order or the victim restitution order in *Lamb I*.

About seven years later, on September 10, 2014, Lamb filed in propria persona a motion to modify his sentence, challenging the orders requiring him to pay a $10,000 restitution fine and $4,400 in victim restitution.  He complained that "it is absolutely impossible" for him to pay the $14,400 out of his prison wages, Citing section 1202.4, Lamb asserted that the orders requiring him to pay the $14,400 should be vacated and the amount reduced to $200 because "the record does not support that the trial court made a finding on [his] ability to pay the restitution/fine or that the trial court was aware [it was required] to hold a restitution hearing."

That same day the court summarily denied Lamb's motion.  Acting in propria persona, Lamb filed a timely notice of appeal challenging the order summarily denying his motion.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below.  Counsel presents no argument for reversal of the order denying Lamb's motion for modification of his sentence, but counsel asks this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d 436.  Counsel raises no possible, but not arguable, issues.  (See *Anders v. California* (1967) 386 U.S. 738.)

---

[3]     We take judicial notice of this court's opinion in *Lamb I*.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

3

On February 17, 2015, we granted Lamb permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and *Anders v. California*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue. Lamb forfeited his claim of sentencing error by failing to object at his 2007 sentencing to the restitution fine order and the victim restitution order he now challenges in this appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 593 [a constitutional right, or a right of any other sort, may be forfeited in criminal cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [defendant, by failing to object at his sentencing hearing, forfeited his claim that the trial court erroneously failed to consider his ability to pay when it imposed a $10,000 victim restitution fine under section 1202.4]; accord, *People v. Nelson* (2011) 51 Cal.4th 198, 227.) Even if he had made a timely and specific objection to those orders at the sentencing hearing, he forfeited his claim of sentencing error by failing to raise it in *Lamb I*.

Accordingly, we affirm the order denying Lamb's motion for modification of his sentence. Lamb has been adequately represented by counsel in this appeal.

DISPOSITION

The order is affirmed.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.